J-A07043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SORANGEL FONTANEZ-RESTO | : | |
| | : | |
| Appellant | : | No. 121 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 7, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004826-2016

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JUNE 17, 2020**

Sorangel Fontanez-Resto appeals from the judgment of sentence entered January 7, 2019, following her bench trial conviction of driving under the influence ("DUI")—controlled substance, and accidents involving damage to attended vehicle or property.[1] She challenges the trial court's denial of her pre-trial motion to dismiss, the sufficiency of the evidence underlying her DUI conviction, and claims the trial court should have recused itself. Because all of these issues were waived, we affirm.

On July 10, 2016, Officer Wayne Holben of the West Reading Police Department responded to a hit and run vehicle accident. Arriving on the scene, he found Fontanez-Resto asleep seated in the front seat of her vehicle, the striking vehicle. She appeared disoriented and lethargic and her pupils were

_____

[1] 75 Pa.C.S.A. §§ 3802(d) and 3743 respectively.

pinpoint. She admitted to having taken Tramadol and Lipitor. Fontanez-Resto failed all three field sobriety tests that the officer administered, falling asleep during one of the tests. A Drug Recognition Expert officer went to the scene and evaluated Fontanez-Resto, and determined that she was under the influence of a narcotic. *See* Trial Court Opinion, 7/01/19, at 7-10.

After a bench trial on January 7, 2019, the court found Fontanez-Resto guilty of DUI-controlled substance and accidents involving damage to attended vehicle or property. The court sentenced her to 72 hours to six months of incarceration at Berks County Jail. This timely appeal followed.[2]

Fontanez-Resto raises three issues on appeal:

1. Did the [] trial court commit reversible error by its failure to dismiss the DUI alcohol/drug impairment charge after the July 25, 2017 Commonwealth testimony and the court's September 11, 2017, order which excluded the blood results of the Appellant?

2. Did the [] trial court commit reversible error by permitting the Commonwealth to continue the criminal prosecution of the [A]ppellant on the DUI impairment criminal charge, alcohol or drugs without any expert testimony of alcohol or drug impairment?

3. Should the [] trial court have recused itself from the contested DUI trial of the appellant on November 16, 2018, after it had conducted the scheduled ARD hearings on December 19, 2016, January 23, 2017, February 27, 2017, April 12, 2017 and May 15, 2017?

_____

[2] However, because counsel's mailing address in the court system was incorrect, and he did not receive the court's order, counsel failed to file a timely concise statement of errors. After this Court remanded to the trial court, Fontanez-Resto filed an amended concise statement listing thirty-five numbered grievances. The trial court responded in its Rule 1925(a) opinion. *See* Pa.R.A.P. 1925.

Fontanez-Resto Br., at 2-3 (some capitalization omitted).

In her first issue, Fontanez-Resto claims that the trial court erred when it denied her motion to dismiss the DUI—controlled substance charge following the pre-trial hearing. **See id.** at 6-7. This issue is waived.

Issues not included in a concise statement of errors complained of on appeal are waived. **See Krebs v. United Refining Co. of Pa.**, 893 A.2d 776, 797 (Pa.Super. 2006) ("We will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, and any issue not raised in a statement of matters complained of on appeal is deemed waived.") (citations omitted); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

Here, in her concise statement of errors, Fontanez-Resto did not claim that the trial court erred by failing to dismiss the DUI—controlled substance charge after the pretrial hearing. **See** Amended Statement of Errors Complained of on Appeal, 6/07/19. Accordingly, she has waived her first issue.

In her second issue, Fontanez-Resto challenges the sufficiency of the evidence to support her conviction of DUI—controlled substance. Specifically, she claims that without expert testimony and blood test results, the evidence introduced by the Commonwealth was insufficient to prove her guilt. **See** Fontanez-Resto's Br., at 8. This issue is also waived.

When reviewing a challenge to the sufficiency of the evidence, we determine "whether viewing all the evidence admitted at trial in the light most

favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa.Super. 2016) (citation omitted).

However, the certified record we received from the trial court does not contain the trial transcript, and its absence prevents us from reviewing Fontanez-Resto's sufficiency claim.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of lacunae in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.
>
> The certified record consists of the original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court. Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*) (citations and some quotation marks omitted).

Here, the trial transcript is not a part of the certified record, and it was Fontanez-Resto's duty, as appellant, to ensure that the record contained it. Accordingly, her failure to do so results in waiver of this issue on appeal. ***See id.***

In her final issue, Fontanez-Resto claims that the trial court should have recused itself because Fontanez-Resto had appeared before the court for ARD

hearings on five occasions prior to trial. This issue is also waived because Fontanez-Resto did not raise it in the trial court.

Pennsylvania Rule of Appellate Procedure 302(a) states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Instantly, it does not appear that Fontanez-Resto raised any claim of possible judicial bias before the trial court. The certified record does not contain a motion to recuse and the docket entries do not reflect that Fontanez-Resto ever filed such a motion, and the absence of the trial transcripts from the certified record precludes us from determining that Fontanez-Resto preserved the claim in an oral motion. Moreover, it is not our responsibility to scour the record and find evidence that the appellant preserved her claims. Rather, that responsibility rests with the appellant. ***See*** Pa.R.A.P. 2117(c), 2119(e). Fontanez-Resto did not comply with this rule of appellate procedure. She thus also waived her third issue.

Judgment of sentence affirmed.

Judge Dubow joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/17/2020</u>